IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------------------------------------------
WESLEY KENNEY, Individually and on behalf of
all others similarly situated,         Civil Action No.:

                  Plaintiff(s),
    -against-                 **CLASS ACTION COMPLAINT**


LAW OFFICES OF FALONI & ASSOCIATES,     **DEMAND FOR JURY TRIAL**
LLC, LVNV FUNDING, LLC and JOHN DOES 1-25

                  Defendant(s).
---------------------------------------------------------------------

      Plaintiff, WESLEY KENNEY (hereinafter, "Plaintiff"), a New Jersey resident, brings this class action complaint by and through his attorneys, Marcus & Zelman, LLC, against Defendant LAW OFFICES OF FALONI & ASSOCIATES, LLC, LVNV FUNDING, LLC and JOHN DOES 1-25 (hereinafter "Defendants"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiff brings this class action on behalf of a class of New Jersey residents seeking

redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

4. Defendants actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

5. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

6. Plaintiff is a natural person and a resident of the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7. Law Offices of Faloni & Associates, LLC ("LOFA") is a collection law firm that focuses on debt collection with its principal office located at 165 Passaic Avenue, Suite 301B, Fairfield, New Jersey 07004.

8. LOFA is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. LOFA is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

10. Defendant, LVNV Funding, LLC ("LVNV"), is a limited liability company with an office at 625 Pilot Rd Ste 3, Las Vegas, NV 89119-4485.

11. Upon information and belief, LVNV is a purchaser of performing and non-performing consumer credit debts, which are in default at the time the debts are acquired.

12. Upon information and belief, LVNV is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

13. In connection with its debt servicing operations, LVNV routinely hires other debt

collectors, such as LOFA, to send dunning letters to consumers in an effort to collect money on defaulted consumer debts that LVNV acquires.

14. LVNV is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

15. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

16. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer class (the "Class"):

    a. All New Jersey consumers who received a collection letter from LOFA attempting to collect an obligation owed to or allegedly owed to LVNV that contain at least one of the alleged violations arising from Defendant's violation of 15 U.S.C. §1692 *et seq.*.

    b. The Class period begins one year to the filing of this Action.

17. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

    - Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard practice of the Defendant to charge interest on accounts after the original creditor waived its right to charge interest.

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a.  Whether Defendant violated various provisions of the FDCPA;

    b.  Whether Plaintiff and the Class have been injured by Defendant's conduct;

    c.  Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.  Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without

>  the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.
>
> - Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## ALLEGATIONS OF FACT

18. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.
19. Some time prior to November 04, 2015, an obligation was allegedly incurred to LVNV.
20. The LVNV obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.
21. The alleged LVNV obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).
22. LVNV is a "creditor" as defined by 15 U.S.C.§ 1692a(4).
23. On or about December 03, 2012, the original creditor, Credit One Bank, NA charged off the alleged debt and ceased collecting interest on the account.
24. By charging off the account and ceasing to collect interest, Credit One Bank, NA waived

its right to charge any future interest.

25. Sometime after December 03, 2012, the Credit One Bank, NA debt was sold, consigned, or otherwise transferred to LVNV for collections.

26. LVNV directly or through an intermediary contracted the LOFA to collect the alleged debt.

27. On or about November 04, 2015, the Defendant caused to be delivered to the Plaintiff a collection letter. *See* **Exhibit A.**

28. Said letter states in part:

    "Balance Due: $1,031.94"

29. Said letter further states:

    "The account was charged off on or about December 3, 2012. The balance at the time of the charge off was $927.53."

30. Upon information and belief, there is no agreement that expressly authorizes LVNV or LOFA to charge interest on this account.

31. Furthermore, even if the original creditor had a contractual right to charge interest, such a right was waived when Credit One Bank, NA charged off the account.

32. Defendant's actions as described herein are part of a pattern and practice used to collect consumer debts.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e** *et seq.*

33. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

34. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff

violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

35. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

36. Defendant violated said section by:

   a. Making false, deceptive, or misleading statements in their October 20, 2015 letter.

   b. Falsely representing the character, amount, and legal status of a debt in violation of 15 U.S.C. §1692e(2)(A).

   c. Making a threat that cannot legal be taken in violation of 15 U.S.C. §1692e(5).

   d. Making a false representation or deceptive means in an attempt to collect a debt violation of 15 U.S.C. §1692e(10).

37. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

38. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

39. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

40. Pursuant to 5 U.S.C. § 1692f, A debt collector may not use unfair or unconscionable means to collect any debt including; 1692f(1) a debt collector may not collect any amount

unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

41. The Defendant violated said section by attempting to collect an amount that was not expressly authorized by the agreement creating the debt or permitted by law.

42. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Ari Marcus, Esq., and Yitzchak Zelman, Esq. as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: March 09, 2016

*/s/ Ari H. Marcus*
Ari Marcus, Esq.
MARCUS & ZELMAN, LLC
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
(732) 660-8169 telephone
(732) 298-6256 facsimile
ari@marcuszelman.com

*Attorneys for Plaintiff*

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: March 09, 2016         */s/ Ari H. Marcus*
                              Ari Marcus, Esq.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Ari H. Marcus, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated:  March 09, 2016        */s/ Ari H. Marcus*
                              Ari Marcus, Esq.