## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
Electronically Submitted 04/26/2016

WESLEY KENNEY, individually and on
behalf of all others similarly situated,

              PLAINTIFF

VS.

LAW OFFICES OF FALONI &
ASSOCIATIES, LLC,
LVNV FUNDING, LLC, and
JOE DOES 1-25
              DEFENDANT(S)

CASE NO.  2:16-cv-01355-ES-JAD

Civil Action – Law

# DEFENDANTS NOTICE OF MOTION TO DISMISS COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12 (b)(6) FOR FAILURE TO STATE A CLAIM

Respectfully submitted,

S/ David A. Faloni, Jr., ESQ.

FALONI & ASSOCIATES, LLC
By: David A. Faloni, Jr, Esq.
Attorney I.D. No. 015371995
165 PASSAIC AVENUE, SUITE 301B
FAIRFIELD, NJ 07004
Ph. 973-226-2525 Fx 973-226-5337
Email Dfaloni@falonilaw.com
Attorney for Defendants-
Law Offices of Faloni & Associates, LLC and
LVNV Funding, LLC

Dated: 04/26/2016

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
Electronically Submitted 04/26/2016

| | |
|---|---|
| WESLEY KENNEY, individually and on behalf of all others similarly situated,<br><br>                      **PLAINTIFF**<br><br>VS.<br><br>LAW OFFICES OF FALONI & ASSOCIATES, LLC,<br>LVNV FUNDING, LLC, and<br>JOE DOES 1-25<br>           DEFENDANT(S) | CASE NO.  2:16-cv-01355-ES-JAD<br>Civil Action – Law<br><br>**Defendants Notice of Motion**<br>**To Dismiss Complaint Pursuant**<br>**To Federal Rule of Civil Procedure**<br>**12 (b)(6) for Failure to State a Claim**<br><br>Returnable June 6, 2016<br><br>*The Honorable Esther Salas, U.S.D.J.* |

TO:      Clerk of Court
             United States District Court
             District of New Jersey
             Martin Luther King Bldg & US Courthouse
             50 Walnut Street
             Newark, New Jersey 07101

             The Honorable Esther Salas
             United States District Court
             District of New Jersey
             Martin Luther King Jr Bldg. & US Courthouse
             50 Walnut Street Room MLK 2A
             Newark, New Jersey 07101

             Marcus & Zelman, LLC
             Ari Marcus, Esq.
             1500 Allaire Avenue Suite 101
             Ocean, New Jersey 07712

**PLEASE TAKE NOTICE** that on Monday, June 6, 2016 at 9:00 a.m., or as soon thereafter as

counsel may be heard, the undersigned attorneys for Defendants The Law Offices of Faloni &

Associates, LLC., and LVNV Funding, LLC., (Defendants) shall apply to the United States

District Court, District of New Jersey, Newark, New Jersey, before the Honorable Esther Salas,

U.S.D.J., for the entry of an Order dismissing Plaintiffs Complaint pursuant to Federal Rules of

Civil Procedure 12 (b) (6), for failure to state a claim upon which relief can be granted;

**PLEASE TAKE FURTHER NOTICE,** that reliance shall be placed upon the accompanying

Memorandum of Law, Certification of David A. Faloni, Esq., with exhibits, and the complete

pleadings, files and records in this matter.

**PLEASE TAKE FURTHER NOTICE,** that oral argument is requested only if timely

opposition is filed in response to this Motion. A proposed form of Order is annexed hereto.

Respectfully submitted,
S/ David A. Faloni, Jr., ESQ.
FALONI & ASSOCIATES, LLC
By: David A. Faloni, Jr, Esq.
Attorney I.D. No. 015371995
165 PASSAIC AVENUE, SUITE 301B
FAIRFIELD, NJ 07004
Ph. 973-226-2525 Fx 973-226-5337
Email Dfaloni@falonilaw.com
Attorney for Defendants-
Law Offices of Faloni & Associates, LLC and
LVNV Funding, LLC

Dated: 04/26/2016

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
Electronically Submitted 04/26/2016

| | |
|---|---|
| WESLEY KENNEY, individually and on behalf of all others similarly situated,<br><br>    **PLAINTIFF**<br><br>VS.<br><br>LAW OFFICES OF FALONI & ASSOCIATES, LLC,<br>LVNV FUNDING, LLC, and<br>JOE DOES 1-25 | CASE NO.  2:16-cv-01355-ES-JAD<br><br>Civil Action – Law<br><br>**CERTIFICATION OF SERVICE** |

I, David A. Faloni, Jr., Esq., hereby certify that on April 26, 2016, I did cause a true and correct

copy of the within Notice of Motion and all accompanying papers to be E-Filed with the United

State District Court, District of New Jersey, Newark, New Jersey, on behalf of the Defendants,

Law Offices of Faloni & Associates, LLC and LVNV Funding, LLC, and copies to be distributed

as follows:


**VIA ECF**
Clerk of Court
United States District Court
District of New Jersey
Martin Luther King Bldg. & US Courthouse
50 Walnut Street
Newark, NJ 07101


**VIA USPS 1st Class Mail ** 1 Courtesy Copy****
The Honorable Esther Salas
United States District Court
District of New Jersey
Martin Luther King Jr Bldg. & US Courthouse
50 Walnut Street Room MLK 2A
Newark, New Jersey 07101

**VIA USPS 1ˢᵗ Class Mail &  ECF**
Marcus & Zelman, LLC
Ari Marcus, Esq.
1500 Allaire Avenue Suite 101
Ocean, New Jersey 07712

Respectfully submitted,

S/ David A. Faloni, Jr., ESQ.

FALONI & ASSOCIATES, LLC
By: David A. Faloni, Jr, Esq.
Attorney I.D. No. 015371995
165 PASSAIC AVENUE, SUITE 301B
FAIRFIELD, NJ 07004
Ph. 973-226-2525 Fx 973-226-5337
Email Dfaloni@falonilaw.com
Attorney for Defendants-
Law Offices of Faloni & Associates, LLC and
LVNV Funding, LLC

Dated: 04/26/2016

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
Electronically Submitted 04/26/2016

WESLEY KENNEY, individually and on
behalf of all others similarly situated,

PLAINTIFF

VS.

LAW OFFICES OF FALONI &
ASSOCIATES, LLC,
LVNV FUNDING, LLC, and
JOE DOES 1-25

DEFENDANT(S)

CASE NO.  2:16-cv-01355-ES-JAD
Civil Action – Law

**CERTIFICATION OF
DAVID A. FALONI, ESQ.**

I, DAVID A. FALONI JR, ESQ., being of full age, do hereby declare under the penalties of
perjury, pursuant to 28 U.S.C.§ 1746, that:

1.  I am a partner of Law Offices of Faloni & Associates, LLC, and am responsible for the
    defense of this action, and possess personal knowledge regarding the within matter. I
    make this Certification in support of Defendants, Law Offices of Faloni & Associates,
    LLC., and LVNV Funding, LLC's motion to dismiss the complaint pursuant to Fed. R.
    Civ. P. 12 (b)(6).

2.  A copy of the documents attached to Plaintiff's Complaint as Exhibit A, which include a
    copy of the letter sent the Plaintiff on November 4, 2015 and copy of Credit Card
    Statement attached hereto as Exhibit A.

3.  Attached as Exhibit B is a true copy of the Judgment obtained by Defendant.

4.  As depicted in Exhibit "B" no interest was charged to Plaintiff on their debt.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the
foregoing statements made by me are willfully false, I am subject to punishment.

Respectfully submitted,

S/ David A. Faloni, Jr., ESQ.

FALONI & ASSOCIATES, LLC
By: David A. Faloni, Jr, Esq.
Attorney I.D. No. 015371995
165 PASSAIC AVENUE, SUITE 301B
FAIRFIELD, NJ 07004
Ph. 973-226-2525 Fx 973-226-5337
Email Dfaloni@falonilaw.com
Attorney for Defendants-
Law Offices of Faloni & Associates, LLC and
LVNV Funding, LLC

Dated: 04/26/2016

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY
Electronically Submitted 04/26/2016

WESLEY KENNEY, individually and on
behalf of all others similarly situated,

                PLAINTIFF

VS.

LAW OFFICES OF FALONI &
ASSOCIATIES, LLC,
LVNV FUNDING, LLC, and
JOE DOES 1-25
                DEFENDANT(S)

CASE NO.  2:16-cv-01355-ES-JAD

Civil Action – Law

# DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM

FALONI & ASSOCIATES, LLC
Attorney I.D. No. 015371995
165 PASSAIC AVENUE, SUITE 301B
FAIRFIELD, NJ 07004
Ph. 973-226-2525 Fx 973-226-5337
Email Dfaloni@falonilaw.com
Attorney for Defendants-
Law Offices of Faloni & Associates, LLC and
LVNV Funding, LLC

Dated: 04/26/2016

On the Brief:
David A. Faloni, Jr., Esq.

## TABLE OF CONTENTS

PRELIMINARY STATEMENT.................................................................1

STATEMENT OF FACTS...................................................................1

POINT I
STANDARD OF REVIEW....................................................................2

POINT II
COURT COSTS, ATTORNEY'S FEES AND POST JUDGMENT INTEREST
ARE STATUITORILY GRANTED ARE THEREFORE NOT VOIOLATIONS
OF THE FAIR DEBT COLLECTION PRACTICES ACT................................3

CONCLUSION.................................................................................5

## TABLE OF AUTHORITIES

**CASES**

Ashcroft v. Iqbal
    129 S. Ct. 1937, 1950 (2009)...........................................................2

Bell Atlantic Corp. v. Twombly
    550 U.S. 544, 555 (2007)...............................................................2

Camero v. Kostos
    253 F. Supp. 331, 338 (D.N.J. 1966).................................................3

Flight Sys., Inc. v. Elec. Data Sys.
    112 F.3d 124, 127-28 (3d. Cir. 1997)................................................3

Haydo v. Amerikohl Mining
    830 F.2d 494, 496 (3d Cir. 1987)....................................................3

Jones v. Jersey City Medical Center
    20 F. Supp. 2d 770, 772 (D.N.J. 1998)
    (citing Miree v. Dekalb County, Co., 433 U.S. 25, 27 n.2 (1977))..............2

Kost v. Kozakiewicz
    1 F.3d 176, 183 (3d Cir. 1993)......................................................2

Sibert v. Phelan
    901 F. Supp. 183, 185 (D.N.J. 1995)..............................................3

**RULES/STATUTES**

Fed. R. Civ. P. 12(b)(6)

## PRELIMINARY STATEMENT

Plaintiff, Wesley Kenney, (hereinafter referred to as "Plaintiff") brings this action against

Defendants, Law Offices of Faloni & Associates, LLC (hereinafter referred to as "Law Firm")

and LVNV Funding, LLC (hereinafter referred to as "LVNV") (collectively hereinafter referred

to as "Defendants") pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§1692e,

1692f and (hereinafter referred to as "FDCPA").

Plaintiff alleges that Defendants collectively are debt collectors who violated the FDCPA

by (1) charging interest on a debt that was written off by the original creditor. The letter of

November 4, 2015 sent to Plaintiff by the Law Firm is a debt validation notice which shows the

original charge off amount of $927.53 and balance due of $1031.94, see Exhibit "A". The

Plaintiff failed to fully investigate his claim. This matter has been adjudicated and judgment was

obtained.  Under New Jersey Statute and the New Jersey Court Rules Costs and Statutory

Attorney fees and mileage charges are statutorily granted by the clerk, see Exhibit "B".

Therefore, the communications identified in Plaintiffs Complaint were not deceptive, misleading,

or unfair to constitute a violation of the FDCPA and Plaintiff's Complaint should be dismissed.

## STATEMENT OF FACTS

In the Complaint, filed on or about March 10, 2016, Plaintiff alleges that Defendants' use

of written communications in the form attached as Exhibit "A" that was sent to Plaintiff violated

the FDCPA. Specifically, Plaintiff contents that Defendants violated the FDCPA by attempting

to collect interest on a debt that was written off.  Plaintiff just makes a conclusory statement that

interest was charged because there is a difference in the balance from charge off. Plaintiff does

not state what interest was charged and has blindly stated that interest was charged even though

1

they are fully aware that judgment was granted in favor of the Defendant along with statutorily granted attorney fees, costs and Constable fees. In fact no pre-judgment interest was ever charged on the account by any Defendant.

## POINT I
## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12 (b)(6) permits a party to move to dismiss an action if the action fails to state a claim upon which relief can be granted. To survive dismissal, the cause of action must provide factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).* In evaluating the sufficiency of a complaint, the Court must engage in a two-step process. First, the court must begin by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).* In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id. at 1949.* Second, the court must decide whether the remaining allegations in the complaint –taken as true- state a "plausible claim for relief." *Id. at 1950.*

"While a court will accept well-pleaded allegations as true for the purposes of the motion, it will not accept legal or unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations." *Jones v. Jersey City Medical Center, 20 F. Supp. 2d 770, 772 (D.N.J. 1998) (citing Miree v. Dekalb County, Co., 433 U.S. 25, 27 n.2 (1977)).* Further, the claimant must set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist. *Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).*

2

By accepting the allegations in the Complaint as true, a court looks at the legal sufficiency

of the Complaint in deciding whether to grant a motion to dismiss for failure to state a claim.

*Haydo v. Amerikohl Mining, 830 F.2d 494, 496 (3d Cir. 1987).* Dismissal of a complaint is

appropriate when a claim lacks a required element, or where there exists an "insuperable barrier"

to a claim such as improper service of process of improper process. See *Flight Sys., Inc. v. Elec.*

*Data Sys., 112 F.3d 124, 127-28 (3d. Cir. 1997); Sibert v. Phelan, 901 F. Supp. 183, 185 (D.N.J.*

*1995); Camero v. Kostos, 253 F. Supp. 331, 338 (D.N.J. 1966).*


## POINT II

## COURT COSTS, ATTORNEY'S FEES AND POST JUDGMENT INTEREST ARE STATUITORILY GRANTED ARE THEREFORE NOT VOIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

Plaintiff's maintain that the Defendant's violated the FDCPA by charging interest or

other charges on a debt alleging that Defendant had no statutory or contractual right to do so.

Specifically Plaintiff alleges that interest was charged on Defendant's debt in violation *15 U.S.C.*

*§ 1692e*, which states, " a debt collector may not use any false, deceptive or misleading

representation or means in connection with the collection of any debt &  *15 U.S.C § 1692f*, which

states a debt collector may not use unfair or unconscionable means to collect any debt including

*1692f (1)* a debt collector may not collect any amount unless such amount is expressly authorized

by the agreement creating the debt or permitted by law.

Plaintiff allegations are made through an exhibit which is a communication from

Defendant, Faloni & Associates, LLC, which verifies the charge off amount and amount due and

owing at the time of the letter. Plaintiff concludes that pre-judgement interest was charged on the

3

account. However, Plaintiff was notified that judgment was entered against them. The amounts added above the charge off are court costs attorney's fees and Constable mileage fees which are all statutory charges.

Attached hereto is Exhibit "B" which shows the amount of the complaint the costs and fees added thereto.  As indicated by Exhibit "A and B" and Paragraph 29 of Plaintiff's complaint the amount due at charge off was $927.53.   Therefore no pre-judgment interest was charged on the account. Further as shown by Exhibit "B" Judgement was obtained against the Plaintiff in the amount of $1,018.08. The charges above charge off are statutorily granted court costs and attorney's fees. Court costs are statutorily granted in default judgments pursuant to R. 6:6-3.

> **(a) Entry by the Clerk; Judgment for Money.** If the plaintiff's claim against a defendant is for a sum certain or for a sum that can by computation be made certain, the clerk on request of the plaintiff and on affidavit setting forth a particular statement of the items of the claim, the amounts and dates, the calculated amount of interest, the payments or credits, if any, the net amount due, and the name of the original creditor if the claim was acquired by assignment, shall enter judgment for the net amount <u>and costs</u> against the defendant, if a default has been entered against the defendant for failure to appear and the defendant is not a minor or mentally incapacitated person. (Emphasis added)

Further Special Civil Part attorney's fees are statutorily available according to N.J.S.A. 22A:2-42

> There shall be taxed by the clerk of the Superior Court, Law Division, Special Civil Part in the costs against the judgment debtor, a fee to the attorney of the prevailing party, of five per centum (5%) of the first five hundred dollars ($500.00) of the judgement and two per centum (2%) of any excess thereof.

The final fees added to charge off were mileage fees for a bank levy which was unsuccessful. Mileage fees are statutorily granted pursuant to N.J.S.A. 22A:2-37.1.

4

22A:2-37.1. Fees of clerk of Special Civil Part of the Superior Court, Law Division
(6) Mileage of court officer in serving or executing any process, writ, order,
execution, notice, or warrant, the distance to be computed by counting the number of
miles in and out, by the most direct route from the place where process is issued, at
the same rate per mile set by the State for other State employees and the total mileage
fee rounded upward to the nearest dollar.

Since all fees charged after the charge off of Plaintiff's debt are not interest, but are valid

statutory costs and fees, the Defendants have not violated any provision of the FDCPA. Further

since the Plaintiff's accusation that interest was charged is invalid Plaintiff has not provided any

factual evidence which would support a claim for which relief can be granted. Therefore

Plaintiff's complaint must respectfully be dismissed against all parties with prejudice.

## CONCLUSION

Plaintiff's allegations that interest was charged in violation of the FDCPA are invalid, as

statutory court costs and attorney's fees were charged to the Plaintiff. Therefore, since Plaintiff

has not provided any factual evidence which would support their claim that interest was charged

in violation of the FDCPA, their complaint should be dismissed with prejudice.

Respectfully submitted,
S/ David A. Faloni, Jr., ESQ.
FALONI & ASSOCIATES, LLC
By: David A. Faloni, Jr, Esq.
Attorney I.D. No. 015371995
165 PASSAIC AVENUE, SUITE 301B
FAIRFIELD, NJ 07004
Ph. 973-226-2525 Fx 973-226-5337
Email Dfaloni@falonilaw.com
Attorney for Defendants-
Law Offices of Faloni & Associates, LLC and
LVNV Funding, LLC

Dated: 04/26/2016

5

# EXHIBIT A



Law Offices of

# FALONI
& ASSOCIATES, LLC

www.FaloniLaw.com

*Please send all correspondence & payments to:*
**PO Box 1285, West Caldwell, NJ 07006**

*Physical office address:*
165 Passaic Avenue, Suite 301B
Fairfield, NJ 07004

P: 973-226-2525    F: 973-226-5337
Toll Free: 1(855) 758-5818

November 4, 2015

Wesley Kenney

 

RE: LVNV FUNDING LLC. As Assignee of Credit One Bank, N.A.
Account Number: *************747
Balance Due: $1,031.94

Dear Wesley Kenney:

This letter is in response to your request for debt validation regarding the above captioned matter.  To comply with the Fair Debt Collection Practices Act Section 809 [15 USC 1692d] our client has provided us with the following information:

The original creditor is  whose accounts are serviced by **Credit One Bank, N.A.**

The account was originally opened on or about **October 28, 2011**. The original account number  was/is *************747. The account was charged off on or about **December 3, 2012**.  The balance at the time of charge off was **$927.53**.

This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.

Very truly yours,

DAVID A. FALONI, ESQ.

By: DAF/DF:Mac
Extension # 156
Our File # RES43796

LD1VAL

**Princeton Office**
Independence Way
Suite 300
Princeton, NJ 08540

**Mount Laurel Office**
3000 Atrium Way
#2207
Mt. Laurel, NJ 08054

**Toms River Office**
1030 Hooper Ave.
Suite 2B
Toms River, NJ 08753

**New York Office**
Empire State Bldg
350 5th Avenue  59th Fl.
New York, NY  10118

**Pennsylvania Office**
705 West Dekalb Pike
King of Prussia
PA 19406

**CREDIT ONE BANK CREDIT CARD STATEMENT**
Account Number _____ 2747
November 03, 2012 to December 02, 2012

| SUMMARY OF ACCOUNT ACTIVITY | |
|---|---|
| Previous Balance | $868.71 |
| Payments − | $0.00 |
| Other Credits − | $0.00 |
| Purchases + | $0.00 |
| Cash Advances + | $0.00 |
| Fees Charged + | $43.25 |
| Interest Charged + | $15.57 |
| **New Balance** | **$927.53** |
| | |
| Credit Limit | $600.00 |
| Available Credit | $0.00 |
| Statement Closing Date | 12/02/12 |
| Days in Billing Cycle | 30 |

**QUESTIONS?**
Call Customer Service or Report
a Lost or Stolen Credit Card     1-877-825-3242
Outside the U.S. Call     1-702-405-2042

Please send billing inquiries and correspondence to:
P.O. BOX 98873 LAS VEGAS, NV 89193-8873

| PAYMENT INFORMATION | |
|---|---|
| New Balance | $927.53 |
| Past Due Amount | $252.00 |
| Amount Due This Period | $710.53 |
| Minimum Payment Due | $927.53 |
| Payment Due Date | 12/27/12 |

**Late Payment Warning:**
If we do not receive your minimum payment by the date listed above, you may have to pay a late fee up to $35.

**Minimum Payment Warning:**
If you make only the minimum payment each period, you will pay more in interest and it will take you longer to pay off your balance.

For example:

| If you make no additional charges using this card and each month you pay... | You will pay off the balance shown on this statement in about... | And you will end up paying an estimated total of... |
|---|---|---|
| Only the minimum payment | 1 month | $928 |

If you would like a location for credit counseling services, call 1-866-515-5720 .

| TRANSACTIONS | | | | |
|---|---|---|---|---|
| Reference Number | Trans Date | Post Date | Description of Transaction or Credit | Amount |
| | | | **Fees** | |
| F572700P1000CYLAC | 12/02 | 12/02 | ANNUAL FEE 01/13 THROUGH 01/13 | 8.25 |
| | 12/02 | 12/02 | LATE FEE | 35.00 |
| | | | **TOTAL FEES FOR THIS PERIOD** | **43.25** |
| | | | **Interest Charged** | |
| | 12/02 | 12/02 | Interest Charge on Purchases | 15.57 |
| | 12/02 | 12/02 | Interest Charge on Cash Advances | 0.00 |
| | | | **TOTAL INTEREST FOR THIS PERIOD** | **15.57** |

| 2012 Totals Year-to-Date | |
|---|---|
| Total fees charged in 2012 | $278.50 |
| Total interest charged in 2012 | $133.58 |

YOUR ACCOUNT IS SCHEDULED TO BE CHARGED OFF.
THE BALANCE WILL BE DUE IN FULL. CALL (888)
729-6274.

YOUR ACCOUNT IS CURRENTLY CLOSED.

**INTEREST CHARGE CALCULATION**

Your Annual Percentage Rate (APR) is the annual rate on your account.

| Type of Balance | Annual Percentage Rate (APR) | Balance Subject to Interest Rate | Interest Charge |
|---|---|---|---|
| Purchases | 23.90% (v) | $781.45 | $15.57 |
| Cash Advances | 23.90% (v) | $0.00 | $0.00 |

(v) = Variable Rate

---

5385   0001   BBH    1    7   2    121202     C X Page 1 of 1     5727   9620   M115   D1CT5385    20581

Please return this portion with your payment, and write your account number on your check, made payable to CREDIT ONE BANK

**PAY YOUR BILL ONLINE at CreditOneBank.com**

| | |
|---|---|
| Account Number: | _____ 2747 |
| New Balance: | $927.53 |
| Minimum Payment Due: | $927.53 |
| Payment Due Date: | 12/27/12 |
| AMOUNT ENCLOSED: | $ . |

☐ For address, telephone and email changes, please check the box and complete reverse side. Or, update your contact information online at www.CreditOneBank.com

WESLEY KENNEY     20581

CREDIT ONE BANK
PO BOX 60500
CITY OF INDUSTRY CA 91716-0500

0000000 0092753 0092753 _____ 2747 8

# EXHIBIT B

```
MIDDLESEX SPECIAL CIVIL PART    :
56 PATERSON STREET              :
PO BOX 1146                     :
NEW BRUNSWICK NJ 08903          :
(732) 519-3774                  :
                     CV0285     : JULY 16, 2015
CASE NUMBER:
   MID DC-016954-14
CREDITOR(S): LVNV FUNDING LLC   :
DEBTORS(S):  KENNEY W           : DAVID A FALONI JR-
VJ NUMBER:  005915-15           : FALONI & ASSOCIATES LLC
EFFECTIVE DATE: 07/16/2015      : 165 PASSAIC AVE   STE 301B
AMOUNT:        $  927.53        :
COST:             57.00         : FAIRFIELD NJ
ATTORNEY FEE:     33.55         :
OTHER COST:        0.00         :              07004
CREDITS:           0.00         :
JUDGMENT TOTAL: $ 1018.08       :
                                :
                                :
                                :
                                :
                                :
                                :
```

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
Electronically Submitted 04/26/2016

| | |
|---|---|
| WESLEY KENNEY, individually and on behalf of all others similarly situated,<br><br>               PLAINTIFF<br><br>VS.<br><br>LAW OFFICES OF FALONI & ASSOCIATES, LLC,<br>LVNV FUNDING, LLC, and<br>JOE DOES 1-25 | CASE NO.  2:16-cv-01355-ES-JAD<br><br>Civil Action – Law<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |

**THIS MATTER,** having been opened to the Court by Faloni & Associates, LLC., counsel for the Defendants, Law Offices of Faloni & Associates, LLC and LVNV Funding, LLC, seeking an Order to Dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12 (b) (6), fore failure to state a claim upon which relief can be granted, and the Court having read and considered the papers submitted in support of and in opposition of the Motion, if any; and good cause appearing:

IT IS ON THIS           DAY OF                    , 2016

**ORDERED** that Defendants motions is hereby granted; and it is further

**ORDERED** that the Plaintiff Wesley Kenney's Complaint is hereby dismissed with prejudice; and it is further

**ORDERED** that a copy of this Order be served upon the Defendant within _____ days of the within date.

_____

Esther Salas, United State District Judge